IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM N. LEDFORD,

                Plaintiff,
  v.

DR. LAURA C. SUKOWATY, ALANA M. ACKER,
and DR. DANIEL LAVOIE,

                Defendants.

OPINION and ORDER

24-cv-844-jdp

---

Plaintiff William N. Ledford, proceeding without counsel, is incarcerated at Columbia Correctional Institution. Ledford alleges that medical staff refused to properly treat severe infections that he developed. I granted Ledford leave to proceed on claims under the Eighth Amendment and under Wisconsin medical negligence law. Dkt. 8. Ledford moves for a more definite statement regarding part of defendants' answer and he moves to strike some of their affirmative defenses. Dkt. 14. Defendants move for summary judgment, contending that Ledford failed to exhaust his administrative remedies for any of his claims. Dkt. 24. For the reasons stated below, I will deny Ledford's motion and I will grant defendants' motion for summary judgment in part.

ANALYSIS

**A. Ledford's motion for more definite statement and to strike affirmative defenses**

Ledford objects to parts of defendants' answer; he moves under Federal Rule of Civil Procedure 12 for a more definite statement regarding many of defendants' responses to his allegations and he moves to strike the asserted affirmative defenses of (1) failure to mitigate

damages; (2) comparative or contributory negligence; (3) intervening or superseding causes; and (4) discretionary immunity.

Motions like Ledford's are disfavored because they delay proceedings, usually unnecessarily. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Ledford seeks a more definite statement from defendants regarding their responses to most of his allegations: defendants state that they lack the knowledge to respond to the underlying factual allegations without a release of Ledford's medical records to recount the events. Ledford states that defendants should have anticipated this problem by seeking a release. But discovery had not yet opened in this case at the time of defendants' answer. I will deny this portion of Ledford's motion.

As for his motion to strike, Ledford has the burden to show "'that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial.'" *Stinson v. Schueler*, No. 19-cv-379-jdp, 2020 WL 3403094, at *1 (W.D. Wis. June 19, 2020) (quoting *Pope v. Espeseth, Inc.*, No. 15-cv-486-jdp, 2016 WL 1715206, at *1 (W.D. Wis. Apr. 28, 2016)).

Ledford hasn't met that burden here. Defendants' affirmative defenses plausibly relate to his claims, and asserting them is not unduly prejudicial to Ledford. They are sufficient to provide him with notice of the nature of the defenses, which is all that is required under Federal Rule of Civil Procedure 8. It is too soon to tell whether each of the defenses are meritorious; they likely will depend on facts that will need to be fleshed out during discovery. None of them is plainly unworthy of consideration, so I will not strike them. Ledford may contest these defenses on the merits if defendants raise them at summary judgment or trial.

**B. Defendants' exhaustion-based summary judgment motion**

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025.

To exhaust administrative remedies in Wisconsin, inmates ordinarily must follow the Inmate Complaint Review System process as set forth in Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

The PLRA doesn't apply to Ledford's state-law claims. But Wisconsin imposes a similar exhaustion requirement for state law claims, prohibiting prisoners from filing "a civil action or special proceeding . . . with respect to the prison or jail conditions in the facility in which he is or has been incarcerated, imprisoned or detained until the person has exhausted all available administrative remedies that the department of corrections had promulgated by rule." Wis. Stat. § 801.02(7)(b). Because Wisconsin's law is based on the federal PLRA, a court may take guidance from federal PLRA case law. *See Compton v. Cox*, No. 12-cv-837-jdp, 2017 WL

3

933152, at *6 (W.D. Wis. Mar. 8, 2017) (plaintiff "is free to use federal PLRA case law in analyzing the Wisconsin version").

Ledford's claims are against defendants Sukowaty and Acker for initially failing to treat his infection symptoms with anything other than an over-the-counter cream before he was eventually taken to the hospital, and against defendant La Voie for running an "austerity program" regarding medical treatment at DOC that contributed to his lack of care.

Defendants state that Ledford filed two grievances about the events at issue: (1) grievance No. CCI-2024-3974 about Sukowaty and Acker failing to send him to the hospital, which was fully litigated through the ICRS system; and (2) grievance No. CCI-2024-4632 about prison officials failing to honor his advance heath care directives during the events, which was rejected as untimely. Ledford did not file a response to defendants' summary judgment motion, so I will accept the grievance records that defendants filed in support of their motion as undisputed. Fed. R. Civ. P. 56(e)(2). But defendants must still carry their burden to show that summary judgment is appropriate. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

Because Ledford didn't properly exhaust the '4632 grievance, that grievance cannot meet the exhaustion requirement for any of his claims.

That leaves the '3974 grievance. Even though Ledford specifically complained in that grievance about Sukowaty's and Acker's failure to properly treat him, defendants contend that this grievance does not exhaust his claims because Ledford did not discuss the entire factual basis underlying his Eighth Amendment claim: that Sukowaty's and Acker's inactions were caused by the defendant La Voie's "austerity program." I explained this issue in my order screening Ledford's complaint:

> Ledford alleges that defendants Sukowaty and Acker initially failed to treat his symptoms with anything other than an over-the-counter cream. Prisoners aren't entitled to the treatment of their choice, and ordinarily a mistake in diagnosing or treating a medical problem doesn't state an Eighth Amendment claim, because negligence isn't enough to violate the Constitution. But here, Ledford alleges that he had obviously serious medical problems, and that CCI medical staff, led by Sukowaty, has consciously chosen to provide less treatment to inmates with diabetes under an "austerity program," with Sukowaty explicitly telling Ledford that she isn't concerned about lawsuits that result from that treatment. This suggests that Sukowaty and Acker did not base their decisions on medical judgment but rather a desire to follow the DOC's austerity program. I conclude that this sufficient to state Eighth Amendment claims against Sukowaty and Acker.

Dkt. 8, at 4.

In the absence of particular grievance rules mandating more, inmates usually do not have to plead legal theories in their grievances. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). But a prisoner must still "provide[] notice to the prison of 'the nature of the wrong for which redress is sought.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).

Here, Ledford did provide prison staff with notice of what Sukowaty and Acker did to harm him: fail to give him adequate medical treatment for his infection. Defendants cite no authority in their brief, and I am aware of none, suggesting that a prisoner is required to provide enough detail in a grievance to determine whether a prisoner believes that a defendant violated his rights specifically under either the Constitution or under Wisconsin negligence law. And other than with motivation-dependent causes of action such as First Amendment retaliation claims, I am unaware of any authority suggesting that an inmate need include in a grievance evidence suggesting a prison official's motivation for taking a specific action that violates his rights. *See, e.g., Lockett v. Goff*, No. 17-cv-93-jdp, 2017 WL 4083594, at *2 (W.D. Wis. Sept.

5

13, 2017) ("If the grievance concerns alleged retaliation, then at a minimum it must identify two things: the protected conduct that provoked the retaliation and the retaliatory act." (internal quotations omitted)). Because Ledford's grievance put prison officials on notice of what Sukowaty and Acker did to harm him, I will deny defendants' summary judgment motion regarding those defendants.

As for defendant La Voie, whom Ledford alleges orchestrated the austerity program, the '3974 grievance didn't put prison staff on notice about La Voie's involvement or the austerity program causing him harm. Because this grievance didn't exhaust Leford's claims against La Voie, I will grant this portion of defendants' summary judgment motion and I will dismiss La Voie from the lawsuit.

ORDER

IT IS ORDERED that:

1. Plaintiff William N. Ledford's motion for more definite statement and to strike affirmative defenses, Dkt. 14, is DENIED.

2. Defendants' motion for summary judgment, Dkt. 24, is GRANTED in part; plaintiff's claims against defendant La Voie are DISMISSED.

3. Defendant La Voie is DISMISSED from the case.

Entered January 9, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge